UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTHONY MICHAEL BUTLER,

               Plaintiff,                    Case Number: 2:21-CV-10936

v.                                   HON. GERSHWIN A. DRAIN
                                        UNITED STATES DISTRICT JUDGE

CHRISTOPHER SWANSON, ET AL.,

               Defendants.

_____/

## OPINION AND ORDER OF PARTIAL DISMISSAL AND DIRECTING SERVICE

### I.    INTRODUCTION

Plaintiff Anthony Michael Butler ("Plaintiff") has filed a *pro se* civil rights action under 42 U.S.C. § 1983. ECF No. 1. He also filed a Motion to Proceed *in forma pauperis* under 28 U.S.C. § 1915, ECF No. 2, which the Court granted on June 15, 2021, ECF No. 3. Because Plaintiff is proceeding *in forma pauperis*, the Court is authorized to screen the case and dismiss it at any time if it determines that the action is: (i) frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff names seven Genesee County Sheriff's Department employees as defendants in this action and raises claims related to his confinement at the Genesee County Jail. Upon careful review of the present Complaint, the Court concludes that

Plaintiff fails to state a claim upon which relief can be granted against Defendants Christopher Swanson, Michael Tocarchick, Jason Gould, S. Szemites, and R. Nicklesen. These Defendants will thus be dismissed. Further, the Court will dismiss Plaintiff's claims raised under 18 U.S.C. §§ 241, 242 for the reasons articulated below.

## II.   BACKGROUND

Plaintiff's claims concern his confinement at the Genesee County Jail. On March 27, 2021, Plaintiff was moved to a cell where he was assigned a top bunk. ECF No. 1, PageID.5. This top-bunk assignment was contrary to his medical detail for a bottom-bunk assignment. *Id.* Plaintiff alleges that Defendant B. Brock engineered the top-bunk assignment in retaliation for Plaintiff's complaints regarding his conditions of confinement and for assisting other inmates in filing legal materials. *Id.* at PageID.6.

According to Plaintiff, he attempted "to rectify this situation" with Defendant R. Nicklesen, but Defendant Nicklesen was indifferent to the situation. *Id.* On March 29, 2021, Plaintiff was moved into isolation and restricted from accessing the law library and religious materials. *Id.* Plaintiff then approached Defendant Depalma asking that he be permitted to file an emergency grievance as outlined in Genesee County's inmate guide. *Id.* at PageID.4. Defendant Depalma told Plaintiff

to get away from his desk or he would send him "to the hole." *Id.* at PageID.5. Plaintiff claims that he was then immediately "locked down." *Id.*

### III.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.*  (quoting *Twombly*, 550 U.S. at 557).

To state a federal civil rights claim, a plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or

laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155–57 (1978). *Pro se* complaints are held to "less stringent standards" than those drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## IV.  ANALYSIS

### A.  Defendants Swanson, Tocarchick, and Gould

Plaintiff's allegations against Defendants Swanson, Tocarchick, and Gould are based upon their supervisory roles. The doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability onto supervisory personnel, *see Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 691–95 (1978), unless it is shown "that the supervisor encouraged the specific incident of misconduct or in some other way directly participated in it," *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). A plaintiff must show that "the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . ." *Hays v. Jefferson County, Ky.,* 668 F.2d 869, 874 (6th Cir. 1982). Moreover, a plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

Upon careful review of Plaintiff's Complaint, the Court finds that Plaintiff fails to allege that Defendants Swanson, Tocarchick, or Gould engaged in any "active unconstitutional behavior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)). Plaintiff's allegations are conclusory and unsupported by any specific factual allegations. Accordingly, Plaintiff fails to state a claim against Defendants Swanson, Tocarchick, and Gould. They will thus be dismissed from this action.

## B. Defendants Szemites, and Nicklesen

Next, Plaintiff's allegations against Defendants Szemites and Nicklesen are insufficient to state a claim under § 1983. Basic pleading requirements dictate that a plaintiff must attribute factual allegations to particular defendants. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Importantly, a complaint must allege each defendant's personal involvement with the alleged violation of federal rights. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing claims where the complaint did not allege which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against

each defendant).  Conclusory allegations are insufficient to state a civil rights claim under § 1983.  *See, e.g., Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003).

Here, other than stating that Defendant Szemites moved Plaintiff to a different cell at Defendant Brock's direction, Plaintiff makes no specific allegations against Defendant Szemites, nor does he allege any particular involvement in unconstitutional conduct.  Similarly, Plaintiff's only specific allegation against Defendant Nicklesen is that Defendant Nicklesen was indifferent when Plaintiff asked to be moved to a bottom bunk cell.  Plaintiff makes no allegation that Defendant Nicklesen had the authority to move Plaintiff to a different bunk assignment or that he failed to act based upon a retaliatory motive.  In sum, Plaintiff's allegations against Defendants Szemites and Nicklesen are insufficient to state a claim upon which relief may be granted.  They will thus also be dismissed from this action.

### C.  18 U.S.C. §§ 241 & 242

Lastly, the Court will address Plaintiff's claims under 18 U.S.C. §§ 241 & 242.  Plaintiff possesses no private right of action against the Defendants for alleged violations of those criminal statutes.  *Morganroth & Morganroth v. DeLorean*, 123 F.3d 374, 386 (6th Cir. 1997).  Moreover, as a private citizen, Plaintiff "has no authority to initiate a federal criminal prosecution of the defendant[] for his alleged

unlawful acts." *Kafele v. Frank & Wooldridge Co.*, 108 F. App'x. 307, 308–09 (6th Cir.2004) (citing *Diamond v. Charles*, 476 U.S. 54, 64–65 (1986)). Accordingly, all claims brought pursuant to Title 18 of the United States Code will be dismissed.

## V.   CONCLUSION & ORDER

For the reasons articulated above, **IT IS HEREBY ORDERED** that Defendants Christopher Swanson, Michael Tocarchick, Jason Gould, S. Szemites, and R. Nicklesen and Plaintiff's claims under 18 U.S.C. §§ 241 & 242 are **DISMISSED**.

**IT IS FURTHER ORDERED** that service of the Complaint is appropriate on the remaining Defendants. Therefore, the Court **DIRECTS** that a copy of Plaintiff's Complaint and a copy of this Order be served upon Defendants B. Brock and Deputy DePalma by the United States Marshal without prepayment of costs.

**IT IS SO ORDERED**.

Dated:      July 7, 2021

> s/Gershwin A. Drain
> HON. GERSHWIN A. DRAIN
> United States District Court Judge

CERTIFICATE OF SERVICE

A Copy of this Order was served on Anthony Michael Butler, No. 175287,
Genesee County Jail, 1002 South Saginaw,
Flint, Michigan 48502 on
July 7, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Deputy Clerk

7